UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
LUIS D. RONQUILLO BAILON,

                         Plaintiff,                      **REPORT AND RECOMMENDATION**

      -against-                                    24-CV-3490 (PKC) (ST)

PROFESSIONAL CONTRACTING AND
FRAMING CORP., LI PROFESSIONAL
CONTRACTING CORP., BOFINGER LLC,
and ROLAND MARC CHEMTOB,

                         Defendants.
------------------------------------------------------------X
**TISCIONE, United States Magistrate Judge:**

       Luis D. Ronquillo Bailon ("Plaintiff") sued Professional Contracting and Framing Corp. ("Professional Contracting"), LI Professional Contracting Corp. ("LI Professional"), Bofinger LLC ("Bofinger"), and Roland Marc Chemtob ("Chemtob") (collectively, "Defendants") for causes of action arising from alleged personal injuries. Before this Court is Plaintiff's motion for default judgment against Professional Contracting and LI Professional ("the Motion"). As the Motion fails to comply with the Court's Local Rules, this Court respectfully recommends that the District Court DENY the Motion without prejudice.

## BACKGROUND

       The Court takes the following facts from the Amended Complaint.[1] *See generally* Am. Compl., ECF No. 13. Professional Contracting and LI Professional are New York corporations engaged in the construction business. *See id.* ¶¶ 6–7, 18, 24. Professional Contracting and LI

---

[1] This Court assumes that the Amended Complaint's well-pleaded factual allegations, except those concerning damages, are true. *See Finkel v. Romanowicz*, 577 F.3d 79, 83 n.6, 84 (2d Cir. 2009).

1

Professional were engaged to "perform construction work and provide labor services at the subject premises" located at 1 Judson Lane, East Hampton, New York. *Id.* ¶¶ 11, 18, 24. As of and on April 30, 2024, Professional Contracting and LI Professional were general contractors working at the subject premises. *Id.* ¶¶ 19–20, 25. As of and on April 30, 2024, Plaintiff was a construction laborer employed by UFO's Home Improvement Inc., another company hired to perform construction work and provide labor services at the subject premises. *Id.* ¶¶ 12, 29–30. On April 30, 2024, while Plaintiff was "performing certain construction work, labor, and services at the subject premises," he allegedly fell "from an elevated height" and "sustain[ed] gravity related injuries and . . . grievous personal injuries." *Id.* ¶¶ 80–81, 84.

Thereafter, Plaintiff sued Defendants on May 13, 2024, and later filed an Amended Complaint on July 19, 2024, alleging claims of negligence and violations of the New York Labor Law. *See generally* Am. Compl. Plaintiff could not successfully effectuate service of process on Chemtob. *See* Aff. Non-Service, ECF No. 35. Professional Contracting, LI Professional, and Bofinger failed to answer the Amended Complaint or otherwise appear in the action. *See* Entry Default, ECF No. 34. Accordingly, Plaintiff requested a Certificate of Default against the non-appearing Defendants, which the Clerk of Court entered on October 15, 2024. *See id.* On November 22, 2024, Plaintiff moved for default judgment against the same non-appearing Defendants. *See* Mot., ECF No. 36. On November 25, 2024, the Honorable Pamela K. Chen referred the Motion to this Court for Report & Recommendation. *See* Docket Order, dated November 25, 2024. Thereafter, Bofinger and Chemtob appeared in the action, answering the Amended Complaint on January 20, 2025. *See* Answer, ECF No. 39. Plaintiff accordingly withdrew his Motion against Bofinger. *See* Letter by Luis Ronquillo Bailon, ECF No. 40.

2

## **LEGAL STANDARD**

Obtaining a default judgment is a two-step process. *See* Fed. R. Civ. P. 55. Step one is to obtain an entry of default from the Clerk of Court. *See* Fed. R. Civ. P. 55(a) ("When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default."). Step two is to seek default judgment. *See* Fed. R. Civ. P. 55(b). "If the plaintiff's claim is for a sum certain or a sum that can be made certain by computation," the clerk must, "on the plaintiff's request, with an affidavit showing the amount due . . . enter judgment for that amount and costs against a defendant . . . ." Fed. R. Civ. P. 55(b)(1). "In all other cases," a party must move for a default judgment before the court. Fed. R. Civ. P. 55(b)(2).

When a plaintiff moves for default judgment, the court must accept the complaint's well-pleaded factual allegations as true. *Finkel*, 577 F.3d at 83 n.6, 84; *see City of New York v. Mickalis Pawn Shop, LLC*, 645 F.3d 114, 137 (2d Cir. 2011) ("a defendant who defaults thereby admits all 'well-pleaded' factual allegations contained in the complaint."). From there, the court must determine whether the facts alleged establish the defendant's liability as a matter of law. *Mickalis Pawn Shop*, 645 F.3d at 137. After all, "liability does not automatically attach from the well-pleaded allegations of the complaint, as it remains the court's responsibility to ensure that the factual allegations, accepted as true, provide a proper basis for liability and relief." *Rolls-Royce PLC v. Rolls-Royce USA, Inc.*, 688 F.Supp.2d 150, 153 (E.D.N.Y. 2010).

After determining that a defaulting party is liable, the court decides whether, and how much, to award in damages. *See Finkel*, 577 F.3d at 83 n.6 ("a default is not an admission of damages"). The court must "conduct an inquiry in order to ascertain the amount of damages with reasonable certainty." *Credit Lyonnais Sec. (USA), Inc. v. Alcantara*, 183 F.3d 151, 155 (2d Cir.

1999). To show entitlement to damages, the movant must show that the "compensation sought relates to the damages that naturally flow from the injuries pleaded." *Morales v. B&M Gen. Renovation Inc.*, 14-cv-7290 (MKB) (MDG), 2016 WL 1266624, at *2 (E.D.N.Y Mar. 9, 2016) (citations omitted), *report and recommendation adopted*, 2016 WL 1258482 (E.D.N.Y. Mar. 29, 2016). The court can decide whether, and how much, to award in damages without an evidentiary hearing if "sufficiently detailed affidavits and documentary evidence" support the request for damages. *J & J Sports Prods., Inc. v. LX Food Grocery Inc.*, 15-cv-6505 (NGG), 2016 WL 6905946, at *2 (E.D.N.Y. Nov. 23, 2016).

## DISCUSSION

Before granting a motion for default judgment, courts in this District must ensure that the movant "took all the required procedural steps" under the Local Rules. *J & J Sports Prods., Inc. v. Vergara*, 19-cv-2382 (FB) (VMS), 2020 WL 1034393, at *2 (E.D.N.Y. Feb. 6, 2020) (citations omitted), *report and recommendation adopted*, 2020 WL 1031756 (E.D.N.Y. Mar. 3, 2020); *see Contino v. United States*, 535 F.3d 124, 126 (2d Cir. 2008) ("Local rules have the force of law, as long as they do not conflict with a rule prescribed by the Supreme Court, Congress, or the Constitution."). A movant's failure to do so warrants denial of the motion. *Mulligan Funding LLC v. Tommy Interior Contracting Corp.*, 23-cv-8808 (RER) (JAM), 741 F.Supp.3d 1, 12–13 (E.D.N.Y. July 23, 2024) ("'As harsh at it may seem,' courts in this district 'have repeatedly' denied motions for default judgment based on a movant's failure to adhere to Local Civil Rule[s]" (citations omitted)). Here, the Motion does not comply with Local Civil Rules 55.2 and 7.1 because it lacks a memorandum of law and a proposed order for the proposed judgment to be entered. The Motion should therefore be denied.

4

Under Local Civil Rule 55.2, a party seeking a default judgment by motion must file, among other things, "the papers required by Local Civil Rule 7.1, including a memorandum of law, [and] a proposed order detailing the proposed judgment to be entered." Local Civ. R. 55.2(a)(2). Per Local Civil Rule 7.1, a motion must include "[a] memorandum of law, setting forth the cases and other authorities relied on in support of the motion, and divided, under appropriate headings, into as many parts as there are issues to be determined." Local Civ. R. 7.1(a)(2).

As should be obvious to a party seeking default judgment, a memorandum of law is critical for "explaining why liability is established." *Guangzhou Yongjia Garment Mfg. Co. Ltd. v. Zoomers Inc.*, 19-cv-2759 (NGG) (LB), 2020 WL 5578936, at *5 (E.D.N.Y. Aug. 28, 2020), *report and recommendation adopted*, 2020 WL 5577706 (E.D.N.Y. Sept. 17, 2020). An attorney declaration or affirmation in support of a motion for default judgment—even one containing legal argument—"does not take the place of a memorandum of law." *Diaz Saavedra v. Dom Music Box Inc.*, 21-cv-6051 (ENV) (RER), 2022 WL 20655809, at *3 (E.D.N.Y. Dec. 5, 2022) (citations and quotations omitted), *report and recommendation adopted*, (E.D.N.Y. July 7, 2023). A plaintiff's "failure to include a memorandum of law alone is sufficient to warrant denial of the motion for default judgment." *Id.* (citations and quotations omitted); *Pompey v. 23 Morgan II, LLC*, 16-cv-2065 (ARR) (PK), 2017 WL 1102772, at *3 (E.D.N.Y. Feb. 13, 2017) ("The absence of a memorandum of law that comports with the requirements of Rule 7.1 could alone form a basis for denying Plaintiff's [default judgment] motion."), *report and recommendation adopted*, (E.D.N.Y. Mar. 23, 2017); *see Zoomers*, 2020 WL 5578936, at *5–6 (denying motion for default judgment for, among other reasons, failure to comply with local rules, including absence of a memorandum of law).

Similarly, failure to attach a proposed default judgment order is grounds to deny a motion for default judgment. *Colledge v. Steelstone Grp., LLC*, 22-cv-2873 (EK) (RER), 2023 WL 5152300, at *3 (E.D.N.Y. June 16, 2023), *report and recommendation adopted*, 2023 WL 5759191 (E.D.N.Y. Sept. 5, 2023).

Such is the case here. This Court accordingly recommends denial of the Motion for failure to include a memorandum of law and a proposed order detailing the proposed judgment to be entered. Should Plaintiff renew his Motion, Plaintiff's memorandum of law should explain how the Amended Complaint establishes liability against Professional Contracting and LI Professional under each cause of action alleged. The memorandum of law should further explain whether pursuing default judgment against Professional Contracting and LI Professional is even appropriate at this time, or whether the Court should first resolve, on the merits, Plaintiff's claims against Bofinger and Chemtob. *See Morales v. Fourth Ave. Bagel Boy*, 18-cv-3734 (DLI) (VMS), 2021 WL 7906501, at *10 (E.D.N.Y. Feb. 12, 2021) (noting that "in joint and several liability cases, the general rule is that the assessment of damages against default defendants should be postponed until disposition of the claims on the merits against non-defaulting defendants in order to avoid inconsistent damage determinations"), *report and recommendation adopted*, (E.D.N.Y. Mar. 2, 2021); *see also Mickalis Pawn Shop*, 645 F.3d at 129 (citations omitted) (noting Second Circuit's "strong preference" for resolving disputes on the merits).

## CONCLUSION

For the foregoing reasons, this Court respectfully recommends that the District Court DENY Plaintiff's Motion without prejudice.

## **OBJECTIONS TO THIS REPORT AND RECOMMEDATION**

Under 28 U.S.C. § 636(b)(1) and Rule 72(b)(2) of the Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from service of this Report and Recommendation to file written objections. Failure to file timely objections shall constitute a waiver of those objections both in the District Court and on later appeal to the United States Court of Appeals. *See Frydman v. Experian Info. Sols., Inc.*, 743 F. App'x 486, 487 (2d Cir. 2018); *McConnell v. ABC-Amega, Inc.*, 338 F. App'x 24, 26 (2d Cir. 2009); *Tavarez v. Berryhill*, No. 15-cv-5141 (CS) (LMS), 2019 WL 1965832, at *30 (S.D.N.Y. May 1, 2019); *see also Thomas v. Arn*, 474 U.S. 140 (1985).

**SO ORDERED.**

                                                                                  */s*  
                                                                                 Steven Tiscione  
                                                                                 United States Magistrate Judge  
                                                                                 Eastern District of New York

Dated: Central Islip, New York  
       April 4, 2025.